RICHMOND *v.* ARIZONA

No. A–108 (76–6720). Decided August 8, 1977

Mr. Justice Rehnquist, Circuit Justice.

Applicant Willie Lee Richmond requests either a suspension of our order denying certiorari, 433 U. S. 915 (1977), or a stay of execution pending action on his petition for rehearing. The Supreme Court of Arizona has fixed September 14, 1977, as the date of execution of applicant and has denied his application for a stay. Because the petition for rehearing seems to me to demonstrate nothing that would indicate any reasonable likelihood of this Court's reversing its previous decision and granting certiorari, I have decided to deny the application.

On appeal of his conviction and death sentence to the Arizona Supreme Court, applicant argued that the Arizona capital punishment statute, Ariz. Rev. Stat. Ann. § 13–454 (Supp. 1973), was unconstitutionally ambiguous in not specifically limiting mitigating circumstances to the four factors enumerated in § 13–454 (F). After the Arizona Supreme Court ruled that only the enumerated factors could be taken into account, 114 Ariz. 186, 560 P. 2d 41 (1976), applicant moved for a rehearing on the ground that the statute as so limited failed to allow consideration of the character of the defendant in determining whether the death penalty should be imposed. While the statute includes in its list of miti-

gating circumstances significant impairment of a defendant's capacity to tell right from wrong or to conform to the law, it fails to take into account other factors such as age, lack of prior criminal history, and intellectual level. Rehearing was denied.

Applicant renewed his constitutional attack against the Arizona death penalty statute in his petition for certiorari before this Court, again on the ground that it failed to allow consideration of the character and record of the individual offender. While specifically noting that the statute does not allow consideration of the defendant's age or prior criminal history, the applicant did not suggest that such factors were relevant in his case. Certiorari was denied by this Court on June 27, 1977, with JUSTICES BRENNAN and MARSHALL dissenting.

Applicant in his petition for rehearing here continues his attack on Arizona's failure to adopt a more expansive list of mitigating circumstances. Applicant argues that our grant of certiorari in *Bell* v. *Ohio,* 433 U. S. 907 (1977), is an intervening circumstance that demands as a matter of "justice and judicial economy" that we also grant certiorari in his case. Certiorari was granted in *Bell* v. *Ohio,* however, on the same day in which we denied certiorari in this case. Applicant's assertion attributes a degree of irrationality to the Court in simultaneously granting Bell's petition and denying his in which I cannot join. In my opinion, the cases are quite different. The Ohio and Arizona death penalty statutes are similar in that their lists of mitigating circumstances do not include such factors as age and lack of prior criminal convictions, which are included in the Florida statute approved in *Proffitt* v. *Florida,* 428 U. S. 242 (1976). Applicant, unlike Bell, however, does not allege that he would be aided by an expansion of the statutory list of mitigating circumstances. The petition in *Bell* pointed out that the defendant was 16 at the time of the penalty trial, had a low IQ, was considered

emotionally immature and abnormal, had cooperated with the police, and had no significant history of prior criminal activity. What evidence is alluded to in the applicant's papers does not suggest that any of the factors that applicant contends must be considered in imposing capital punishment would be relevant to his case. There is no indication in any of the applicant's papers as to his age at either the time of the offense or trial. It is doubtful, particularly after our grant of certiorari in *Bell*, that applicant would have failed to include this fact in his petition for rehearing if he had been a minor at these times. The record also indicates that applicant had previously been convicted of kidnaping a victim at knifepoint. The only mitigating ground apparently suggested by applicant before the Arizona courts was psychological testimony characterizing applicant as a sociopath.

Applicant raises a second argument in his petition for rehearing that was not raised either before the Arizona Supreme Court or in his earlier petition for certiorari. Applicant argues that the Arizona statute violates the Sixth, Eighth, and Fourteenth Amendments in failing to provide for jury input into the determination of whether aggravating and mitigating circumstances do or do not exist. Such jury input would not appear to be required under this Court's decision in *Proffitt*.

In summary, I conclude that there is no reasonable likelihood that applicant's petition for rehearing would be granted by the full Court. I am fortified in this view by consultation with my colleagues. Applicant's argument as to mitigating factors was before us in his initial petition for certiorari. He does not suggest any new reason why our initial decision to deny certiorari was wrong. Applicant's jury contention appears to have been rejected in *Proffitt*. A motion for rehearing of an order denying certiorari does not automatically suspend the order during the Term, unlike a petition for rehearing after full consideration of the case on the merits. The petitioner must apply to an individual Justice for a sus-

pension of the order denying certiorari. Cf. this Court's Rules 25 (2) and 59 (2). The question under such circumstances must be whether there is any reasonable likelihood of the Court's changing its position and granting certiorari. As elaborated above, there does not seem to me to be any such likelihood here. The application for a suspension of our order denying certiorari or, in the alternative, a stay of execution is therefore denied.