Walter J. BLAIR, Appellant,

v.

Bill ARMONTROUT, Appellee.

Walter J. BLAIR, Appellant,

v.

William ARMONTROUT; Jeremiah
W. Nixon,* Appellees.

No. 92–1734.

United States Court of Appeals,
Eighth Circuit.

June 3, 1993.

Before JOHN R. GIBSON, Circuit Judge,
FLOYD R. GIBSON and HEANEY, Senior
Circuit Judges.

ORDER

On May 26, 1993, the State of Missouri
filed a motion to vacate the stay of execution
we ordered in *Blair v. Armontrout,* 976 F.2d
1130 (8th Cir.1992). In that decision, we
affirmed the district court's denial of Blair's
habeas corpus petition, and in continuing
Blair's stay of execution stated:

The stay of execution shall continue until
either the time runs for the filing of a
petition for writ of certiorari and such
petition is not filed, or if such petition is
filed, until final action by the United States
Supreme Court.

*Id.* at 1142.

On May 17, 1993, the United States Su-
preme Court denied Blair's petition for writ
of certiorari, and the State filed the motion
before us, arguing that our stay dissolved
when the Supreme Court denied Blair's peti-
tion for certiorari, and that the denial of
certiorari constituted final action by the Su-
preme Court. Blair, on the other hand, op-
posed the motion to vacate the stay, arguing
that there is no final action by the Supreme
Court until twenty-five days following the
denial of Blair's petition for certiorari, the
time for filing a rehearing petition under
Supreme Court Rule 44.2. We asked for
additional briefing as to whether the Su-
preme Court order of May 17, 1993, denying
the petition is final action by the Supreme
Court. *Blair v. Armontrout,* No. 92–1734
(May 27, 1993).

There is little law to guide us. The rea-
soning in a tax case from the First Circuit is,
however, instructive. In that case, the First
Circuit held that a tax court decision that
was appealed through the federal courts did
not become final until the expiration of the
rehearing process in the Supreme Court.
*Hanover Ins. Co. v. United States,* 880 F.2d
1503, 1509 (1st Cir.1989), *cert. denied,* 493
U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745

---

* Pursuant to Fed.R.App.P. 43(c)(1), Mr. Nixon was
automatically substituted as a party in this litiga-

tion.

(1990). The case dealt with a statute that provided that tax court decisions become final only "[u]pon [the Supreme Court's] denial of a petition for certiorari. . . ." 26 U.S.C. § 7481(a)(2)(B). The First Circuit interpreted "denial" to be that time when the decision became unalterable, or the expiration of the time for rehearing. *Id.* at 1508–09. In so ruling, the First Circuit relied on a Supreme Court order in *Flynn v. United States,* 75 S.Ct. 285, 99 L.Ed. 1298 (1955). Justice Frankfurter explained that if the denial of a petition for writ of certiorari is deemed final action, the rehearing provisions provided for under the Supreme Court Rules would be an "empty formality." *Id.,* 75 S.Ct. at 286. Justice Frankfurter held "the denial of a petition for certiorari should not be treated as a definitive determination in this Court . . ." *Id.* We believe this reasoning applies here.

The State also argues that we should dissolve our stay because stays of execution are not automatic and should be examined under the standard set forth in *Barefoot v. Estelle,* 463 U.S. 880, 895, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090 (1983). The issue, however, is when the stay we have entered terminates. We fixed that time as the final action by the United States Supreme Court, and did so to prevent the repeated time and pressure charged motions to enter or vacate stays, which are so common in death penalty cases. *Barefoot v. Estelle* does not require us to dissolve our stay. The question in *Estelle* dealt with the *standard* for granting or denying a stay of execution pending disposition of an appeal, *id.* at 887, and does not discuss the timing issue contested in this case. Similarly, the cases cited by the State largely involve application for stays of execution from the Supreme Court pending disposition of a petition for writ of certiorari. This is not, however, the procedural posture of this case.

The State also argues that *Richmond v. Arizona,* 434 U.S. 1323, 98 S.Ct. 8, 54 L.Ed.2d 34 (1977), supports their interpretation and shows that the usual Supreme Court procedure requires that after a petition for certiorari is denied, the petitioner must apply to an individual Justice for suspension of the order denying certiorari and move for a stay of execution. The State points out that in *Richmond,* Justice Rehnquist denied the motion for a stay of execution pending action on the rehearing petition following the Court's denial of a petition for certiorari. *Id.* at 1326, 98 S.Ct. at 10. In *Richmond,* however, the court denied certiorari on June 27, 1977. Justice Rehnquist did not deny the stay motion until August 8, 1977, well past the twenty-five day rehearing period set forth in Rule 44.2. *Richmond* does not help the State, and does not deal with the issue before us.

We deny the motion to vacate our stay of execution. The stay continues until expiration of the time for rehearing of the United States Supreme Court's denial of the writ of certiorari under its Rule 44.2. If a motion for rehearing is filed with the Supreme Court, final action of the Supreme Court will be the denial of that motion, or if the motion is granted, then, as the Supreme Court shall order.