Cite as: 550 U. S. ____ (2007)    1

# SUPREME COURT OF THE UNITED STATES

Nos. 06A1001 and 06A1002  (06–1195 and 06–1196)

LAKHDAR BOUMEDIENE ET AL.
06–1195                          *v.*
GEORGE W. BUSH, PRESIDENT OF THE UNITED
STATES, ET AL.


KHALED A. F. AL ODAH, NEXT FRIEND OF FAWZI
KHALID ABDULLAH FAHAD AL ODAH, ET AL.
06–1196                          *v.*
UNITED STATES ET AL.

ON APPLICATIONS FOR EXTENSION OF TIME AND SUSPENSION
OF ORDER DENYING CERTIORARI

[April 26, 2007]

CHIEF JUSTICE ROBERTS, Circuit Justice.

We denied applicants' petitions for certiorari, 549 U. S. ___ (2007), and they now bring two requests: first, a 122-day extension of time in which to file a petition for rehearing of the order denying certiorari, and second, suspension of the order denying certiorari.  Both applications are denied.

1. This Court's Rules expressly provide for extensions of time in which to file a petition for writ of certiorari, Rule 13.5, or a petition for rehearing of a "judgment or decision . . . on the merits," Rule 44.1, but they do not provide for any extension of time in which to file a petition for rehearing of an order denying certiorari.  Such an order is plainly not a "judgment or decision . . . on the merits."  Indeed, while Rule 44.1 establishes a 25-day period for filing a petition for rehearing of a judgment on the merits "unless the Court or a Justice shortens or extends the time," Rule

44.2, articulating a 25-day period for filing a petition for rehearing of an order denying certiorari, contains no such exception, confirming that the Rules do not contemplate granting an extension for such petitions.

2. An order denying certiorari "will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." Rule 16.3. This most extraordinary relief will not be granted unless there is a "reasonable likelihood of this Court's reversing its previous position and granting certiorari." *Richmond* v. *Arizona*, 434 U. S. 1323 (1977) (Rehnquist, J., in chambers). In arguing for suspension, applicants point to a motion filed by the Government in the District Court as part of ongoing proceedings below. They contend that, if the motion is granted, or if certain other actions are taken by the lower courts, there will be an adverse effect on the review available to them under the Detainee Treatment Act of 2005, Tit. X, 119 Stat. 2739. This does not satisfy the rigorous standard we have established for Rule 16.3 relief. Applicants do not even point to any action by the lower courts as prompting their request for extraordinary relief—only the filing of motions and *possible* court action. Such grounds can hardly provide a basis for believing this Court would reverse course and grant certiorari. Accordingly, suspension of the order is not warranted.